UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                    :
UNITED STATES OF AMERICA            :
                                    :
        - v. -                      :
                                    :
DEVIS LEONEL RIVERA MARADIAGA,      :
        a/k/a "Leonel Martinez Rivera,"   :
        a/k/a "Don Leo Cachiro,"    :
                                    :
                    Defendant.      :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORIGINAL**

**SUPERSEDING INFORMATION**

S3 13 Cr. 413 (JGK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4\14\16

**COUNT ONE**

The United States Attorney charges:

1.    From at least in or about 2003, up to and including in or about 2013, in Honduras and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, who was first brought to and arrested in the Southern District of New York, engaged in a continuing criminal enterprise (the "Continuing Criminal Enterprise"), in that he knowingly and intentionally participated in the cocaine importation conspiracy charged in Count Three of this Information, which involved a continuing series of violations of subchapter II, Chapter 13, Title 21, United States Code, undertaken by RIVERA MARADIAGA in concert

with five or more persons with respect to whom RIVERA MARADIAGA acted as one of the principal administrators, organizers, or leaders, and where the continuing series of violations involved at least 300 times the quantity of cocaine described in Title 21, United States Code, Section 841(b)(1)(B), and resulted in the Continuing Criminal Enterprise receiving $10 million or more in gross receipts during a twelve-month period of its existence for the manufacture, importation, and distribution of cocaine.

(Title 21, United States Code,
Sections 848(a), 848(b), and 848(c); and
Title 18, United States Code, Sections 3238 and 2.)

## COUNT TWO

The United States Attorney further charges:

2.    From at least in or about 2003, up to and including in or about 2013, in Honduras and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, who was first brought to and arrested in the Southern District of New York, while engaged in and working in furtherance of the Continuing Criminal Enterprise charged in Count One of this Information and the cocaine importation conspiracy charged in Count Three of this Information, knowingly and intentionally did kill, and

2

counsel, command, induce, procure, and cause the intentional killing of, individuals, and such killings resulted.

(Title 21, United States Code,
Sections 848(a), 848(b), 848(c), and 848(e)(1)(A); and
Title 18, United States Code, Sections 3238 and 2.)

## COUNT THREE

The United States Attorney further charges:

3.    From at least in or about 2003, up to and including in or about 2013, Honduras and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, who was first brought to and arrested in the Southern District of New York and whose point of entry into the United States was the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

4.    It was a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place

outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

5. It was further a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, would and did manufacture and distribute a controlled substance, knowing and intending that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

6. The controlled substance that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture and distribute, knowing and intending that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United

4

States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Sections 959(c) and 963; and Title 18, United States Code, Section 3238.)

## COUNT FOUR

The United States Attorney further charges:

7.   From at least in or about 2004, up to and including in or about 2013, in Honduras and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, who was first brought to and arrested in the Southern District of New York, intentionally and knowingly did combine, conspire, confederate and agree together and with each other, to commit money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957.

8.   It was a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which

5

in fact involved the proceeds of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act); and (iii) offenses against a foreign nation involving bribery of a public official and the misappropriation of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

9.    It was further a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title

21, United States Code; (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act); and (iii) offenses against a foreign nation involving bribery of a public official and the misappropriation of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

10. It was further a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, with the intent to promote the

7

carrying on of specified unlawful activity, to wit,

(i) felonious narcotics offenses, in violation of Title 21,

United States Code; (ii) offenses against a foreign nation

involving the manufacture, importation, sale, or distribution of

a controlled substance (as such term is defined for the purposes

of the Controlled Substances Act); and (iii) offenses against a

foreign nation involving bribery of a public official and the

misappropriation of public funds by and for the benefit of a

public official with respect to financial transactions occurring

in whole and in part in the United States, in violation of Title

18, United States Code, Section 1956(a)(2)(A).

11. It was further a part and an object of the

conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel

Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and

others known and unknown, in an offense involving and affecting

interstate and foreign commerce, would and did transport,

transmit, and transfer, and attempt to transport, transmit, and

transfer, a monetary instrument and funds from a place in the

United States to or through a place outside the United States

and to a place in the United States from or through a place

outside the United States, knowing that the monetary instrument

and funds involved in the transportation, transmission, and

transfer represented the proceeds of some form of unlawful

8

activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act); and (iii) offenses against a foreign nation involving bribery of a public official and the misappropriation of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

12.   It was further a part and an object of the conspiracy that DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21,

United States Code; (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act); and (iii) offenses against a foreign nation involving bribery of a public official and the misappropriation of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States, in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3238.)

## COUNT FIVE

The United States Attorney further charges:

13.   From at least in or about 2003, up to and including in or about 2013, in Honduras and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, who was first brought to and arrested in the Southern District of New York, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offenses charged in Counts One, Two, and Three of this Information, knowingly did use and carry a machinegun and a

10

destructive device, and, in furtherance of such crimes, did

possess a machinegun and a destructive device.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## FORFEITURE ALLEGATION
### (As to Counts One, Two, and Three)

14. As a result of committing the controlled

substance offenses charged in Counts One, Two, and Three of this

Information, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel

Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, shall

forfeit to the United States, pursuant to Title 21, United

States Code, Sections 853 and 970, any and all property

constituting or derived from any proceeds the defendant obtained

directly or indirectly as a result of the offenses and any and

all property used or intended to be used in any manner or part

to commit and to facilitate the commission of the offenses

charged in Counts One, Two, and Three of this Information.

## FORFEITURE ALLEGATION
### (As to Count Four)

15. As the result of committing the money laundering

conspiracy offense charged in Count Four of this Information,

DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera,"

a/k/a "Don Leo Cachiro," the defendant, shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

11

982(a)(1), all property, real and personal, involved in the offense charged in Count Four of this Information and all property traceable to such property.

## FORFEITURE ALLEGATION
### (As to Count Five)

16. As a result of committing the offense of carrying and using machineguns and destructive devices during and in relation to, and possessing machineguns and destructive devices in furtherance of, drug trafficking crimes, as charged in Count Five of this Information, DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved and used in the commission of the offense charged in Count Five of this Information.

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of DEVIS LEONEL RIVERA MARADIAGA, a/k/a "Leonel Martinez Rivera," a/k/a "Don Leo Cachiro," the defendant:

> a.   cannot be located upon the exercise of due diligence;

12

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970;
Title 18, United States Code, Section 981; and
Title 28, United States Code, Section 2461.)

PREET BHARARA
United States Attorney

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DEVIS LEONEL RIVERA MARADIAGA,
a/k/a "Leonel Martinez Rivera,"
a/k/a "Don Leo Cachiro,"

Defendant.

SUPERSEDING INFORMATION

S3 13 Cr. 413 (JGK)

(21 U.S.C. §§ 848, 963; and
18 U.S.C. §§ 924, 1956, and 2.)

PREET BHARARA
United States Attorney.

4/14/2016 FILED WAIVER OF INDICTMENT AND SUPERSEDING INFORMATION. DEFF ARRAIGNED ON SUPERSEDING INFORMATION, DEFF PRES W/ATTYS RENE SONTONNIO AND LEE GINSBERG, AUSA EMIL BOVE, REPORTER REBECCA FOREMAN. SPANISH INTERPRETER FRANCISCO OLIVERO, DEFF CHANGES PLEA OF NOT GUILTY AND PLEADS GUILTY TO SUPERSEDING INFORMATION. SENTENCE DATE 4/14/2017 AT 10:00AM PSI ORDERED. DEFF CONT'D DETAINED. (1 HOUR, 45 MINUTES)

-JUDGE KOELTL